UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GILLANI CONSULTING, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAEWOO HEAVY INDUSTRIES AMERICA CORPORATION,<br><br>　　　　Defendant. | CASE NO. C05-0823C<br><br>MINUTE ORDER |

　　The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

　　This matter comes before the Court on the parties' stipulated protective order. (Dkt. No. 23.) The Court will not sign the stipulated protective orders because it authorizes a document to be filed under seal based only on a party's designation of the document as "confidential." "There is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Local Rule CR 5(g)(1). "Blanket" protective orders such as the one lodged in this case do not contain a compelling showing that the public and the parties' interests in protecting the documents marked "confidential" from public review outweigh the public's right of access.

MINUTE ORDER – 1

Instead, the parties must provide a specific description of particular documents or categories of documents they seek to protect and "a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access." Local Rule CR 5(g)(2). The facts supporting any motion to seal must be provided by declaration or affidavit. To obtain a court order sealing documents attached to a non-dispositive motion, the parties must make a particularized showing of "good cause" under Rule 26(c). FED. R. CIV. P. 26(c); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). To obtain a court order sealing documents attached to a *dispositive* motion, such as a summary judgment motion, the parties must meet the "compelling reasons" standard rather than the lesser "good cause" standard. *Id.* at 1177–79; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

The parties may agree on confidentiality among themselves, but they must make the requisite showing under the Federal and Local Rules when they ask that documents or portions thereof be filed under seal. For these reasons, the Court will not sign the stipulated protective order in its present form. The parties are free to submit a revised protective order in a form consistent with the principles discussed above.

DATED this 3rd day of August, 2006.

                BRUCE RIFKIN, Clerk of Court

                By    */s/ C. Ledesma*
                      Deputy Clerk

MINUTE ORDER – 2